Andrews, J.
It seems to me that to grant the stay asked for would be an arbitrary and unwarrantable exercise of power. The land, which was the subject of the partition suit, was sold under a ’decree of the court, before the present action was brought, and neither the plaintiff nor W. E. Martin was a party to that suit. A judgment duly obtained and entered, directs that the proceeds of the sale he distributed among certain persons, and the plaintiff, who is a stranger to the litigation, presents a'petition asking that proceeding under the judgment be stayed for an indefinite period, which may, and probably will, extend over several years, upon the ground that he has a lien upon such proceeds.
It has been decided—and, so far as I can see, correctly— that the plaintiff has no such lien, and that he has no cause of action, equitable or legal. He has an undoubted right to appeal and litigate further, but I cannot find any ground upon which the court can properly grant the stay asked for.
Of course, the fact that all the questions raised have been decided against the plaintiff is not' conclusive upon this application. The law gives the right of appeal, and when a stay is applied for, in cases where it rests in the discretion of the court, the point to be considered ordinarily, is, whether the case involves questions about which there may be an honest difference of opinion, and whether the appellant has taken the appeal in good faith, for the purpose of having such questions passed upon by the appellate branch of the court, or for the purpose of harrassing the other side into a settlement, or of causing annoyance by taking a groundless and vexatious appeal.
Taking the most favorable view for the plaintiff, and assuming that he proposes to prosecute an appeal in good faith, with the hope of procuring a reversal or modification of the judgment against him, I do not think the court can grant the stay which he asks.
A person who has money or other property in his possession, upon which- he claims a lien, can usually retain possession until his claim has been in some way disposed of. In some jurisdictions as in admiralty, a person asserting a lien can have the property impounded and held, unless security be given, until the court decides upon his lien; and in sóme cases where the plaintiff claims to have a lien upon property, the court will preserve the status in quo, until the end of the litigation, through the instrumentality of an injunction or receiver. I havu r.ut, however, been referred to any case, nor do I know *-£ any, in which it has been held that the execution ox a final judgment in a partition suit, which directs the distribution of the proceeds of the sale of the subject of the action, can be suspended for a *181 long and indefinite period, to enable a stranger to the action to see if he cannot in another action establish a lien upon such proceeds.
Hibbard v. Dayton (32 Hun, 220), cited on the argument and upon the brief of plaintiff’s counsel, does not so hold. In that case Dayton had a judgment in his favor, and was made a party to the action, but the court did not attempt to afford him relief by indefinitely postponing the distribution under the judgment. It said: “For these reasons we think the defendant, Dayton, should be afforded a reasonable opportunity to commence such proceedings as may be necessary to enforce his claim against the proceeds of the real estate deposited to the credit of this action.” And it was directed that an order be entered “allowing the defendant thirty days after the entry and service thereof for the institution of such proceedings as the defendant, Dayton, may be advised to take.”
This case clearly is not an authority in favor of the present application.
My conclusion is that the application for a stay pending the appeal should be denied, but that the plaintiff should have a stay of fifteen days in addition to that which he has already had, for the institution of any proceedings which he may be advised to take; or if the plaintiff prefers td appeal from the order denying the stay asked for, in view of the importance of the matter to him, I will grant a stay until the hearing and decision by the general term, on condition that he print the appeal papers, accept short notice of argument for the October term, and be ready to argue the appeal when reached.
The order will be settled on notice.